**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 16-cv-01461-RBJ

ELIZABETH SIMMONS, an individual,

      Plaintiff,

v.

BOYS & GIRLS CLUB OF THE PIKES PEAK REGION, a Colorado corporation,
JAMES M. SULLIVAN III, an individual,

      Defendants.

---

**DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS ON PLAINTIFF'S SECOND CLAIM FOR RELIEF UNDER THE COLORADO MINIMUM WAGE ORDER AGAINST BOYS & GIRLS CLUB AND PLAINTIFF'S FIFTH CLAIM FOR RELIEF FOR FALSE CLAIMS ACT RETALIATION AGAINST JAMES SULLIVAN**

---

Defendants Boys & Girls Club of the Pikes Peak Region ("Boys & Girls Club") and James M. Sullivan III ("Sullivan") (collectively "Defendants"), by and through their counsel, Ogletree, Deakins, Nash, Smoak & Stewart, P.C., and pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, hereby move for judgment on the pleadings on Plaintiff Elizabeth Simmons' ("Plaintiff" or "Simmons") second claim for relief under the Colorado Minimum Wage Order against Boys & Girls Club and on Plaintiff's fifth claim for relief for False Claims Act Retaliation against Sullivan. In support of this motion, Defendants state as follows:

**I.     INTRODUCTION**

Simmons' claim against Boys & Girls Club under the Colorado Minimum Wage Order should be dismissed with prejudice because Boys & Girls Club does not fall within any industry

covered by the Colorado Minimum Wage Order. The Colorado Minimum Wage Order only applies to four specified industries: (a) retail and service; (b) commercial support service; (c) food and beverage; and (d) health and medical. *See* 7 Colo. Code Regs. § 1103-1:1. Boys & Girls Club does not fall within any of these covered industries, and, as a result, this claim fails as a matter of law. Simmons' claim against Sullivan for retaliation under the False Claims Act, 31 U.S.C. § 3730(h), should also be dismissed as a matter of law because such a claim can only be asserted against an employer, not an individual.

## II. LEGAL STANDARD APPLICABLE TO RULE 12(c) MOTIONS

A motion for judgment on the pleadings is evaluated under the same standard as a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6). *Jacobson v. Deseret Book Co.*, 287 F.3d 936, 941 n. 2 (10th Cir. 2002). When assessing a Rule 12(b)(6) motion, a court is to determine whether the complaint satisfies Fed. R. Civ. P. 8. *Basile v. Missionary Sisters of Sacred Heart of Jesus-Stella Maris Province*, 2011 WL 5984752, at *1 (D. Colo. Nov. 30, 2011). Rule 8 requires Plaintiff to craft a Complaint which contains "'enough allegations of fact to state a claim to relief that is plausible on its face.'" *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (*quoting Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Facial plausibility exists when a complaint has sufficient factual content to enable the Court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The facial plausibility standard "serves two purposes: to ensure that a defendant is placed on notice of his or her alleged misconduct sufficient to prepare an appropriate defense, and to avoid ginning up the costly machinery associated with our civil discovery regime on the basis of

a largely groundless claim." *Basile*, 2011 WL 5984752, at *1. Facial plausibility is not met when the complaint itself, as in this case, asserts legal theories that cannot possibly be asserted against the defendant.

### III.   LEGAL ARGUMENT

Simmons' second claim asserting a violation of the Colorado Minimum Wage Order should be dismissed because the Colorado Minimum Wage Order does not apply to the Boys & Girls Club. Instead, the Colorado Minimum Wage Order only applies to specified industries, none of which are relevant here. Similarly, Simmons' fifth claim, asserted against Sullivan, should be dismissed because a False Claims Act Retaliation claims under 31 U.S.C. § 3730(h) can only be maintained against an employer and not an individual.

### A.   The Colorado Minimum Wage Order Does Not Apply to the Boys & Girls Club.

Simmons' claim under the Colorado Minimum Wage Order should be dismissed because Boys & Girls Club is not a covered employer. The Colorado Minimum Wage Order "regulates wages, hours, working conditions and procedures for *certain* employers and employees for work performed within the boundaries of the state of Colorado." *Bracomentes v. Bimbo Bakeries U.S.A., Inc.*, 2016 WL 5791202, at *7 (D. Colo. Sept. 30, 2016) (Jackson, J.) (emphasis added). "Colorado's overtime pay requirements (and the exemptions thereto) are established not by statute, but by a regulatory enactment of the Division of Labor known as the 'Minimum Wage Order.'" *Kennett v. Bayada Home Health Care, Inc.*, 135 F. Supp. 3d 1232, 1238 (D. Colo. 2014) (Arguello, J.). The Colorado Minimum Wage Order only applies to four specified industries: (a) retail and service; (b) commercial support service; (c) food and beverage; and (d) health and medical. *See* 7 Colo. Code Regs. § 1103-1:1. Simmons does not, and cannot, allege

Boys & Girls Club falls into any covered industry, and, as a result, her second claim for relief must be dismissed as a matter of law.[1]

In her Complaint, Simmons' only allegations regarding the character of Boys & Girls Club's operations are that: (1) it is an entity incorporated under the laws of the State of Colorado with its headquarters in Colorado Springs, Colorado; (2) it is the local organizational chapter of the Boys & Girls Clubs of America providing youth services; (3) it publicly reports assets in excess of $2,000,000; and (4) it receives significant financing from government grants. (Doc. #5, at ¶¶ 3, 8, and 21.)  But, none of these allegations are sufficient to bring Boys & Girls Club within the Colorado Minimum Wage Order's coverage – and no such allegations can be made in the future because it simply is not the case.  The Colorado Minimum Wage Order defines each covered industry, and, in each case, Boys & Girls Club falls outside the Order.

Boys & Girls Club is outside the Retail and Service industry.  The Colorado Minimum Wage Order defines the Retail and Service industry as:

> any business or enterprise that sells or offers for sale, any service, commodity, article, good, real estate, wares, or merchandise to the consuming public, and that generates 50% or more of its annual dollar volume of business from such sales.  The retail and service industry offers goods or services that will not be made available for resale.  It also includes amusement and recreation, public accommodations, banks, credit unions, savings and loans, and includes any employee who is engaged in the performance of work connected with or incidental to such business or enterprise, including office personnel.

7 Colo. Code Regs. § 1103-1(2)(A).  Critically, Simmons has not, and cannot, allege Boys &

---

[1] Simmons alleges claims under the Fair Labor Standards Act for unpaid overtime that, if established, could provide Simmons with redress for any alleged unpaid overtime. (*See* Doc. #5, at ¶¶ 32-43.)  Although Defendants deny Simmons is entitled to any relief whatsoever under her claims under the Fair Labor Standards Act, Simmons retains an alternate theory for relief should this Court grant the present Motion.

Girls Club generates 50% or more of its annual dollar volume of business from sales of any service or good covered by the Colorado Minimum Wage Order. In fact, Simmons' allegations that Boys & Girls Club is funded by grants, with no other allegations concerning its source of revenue, directly undercuts any argument that Boys & Girls Club falls within the Retail and Service industry.

Likewise, Boys & Girls Club is outside the Commercial Support Service industry, which the Colorado Minimum Wage Order defines as:

> any business or enterprise engaged directly or indirectly in providing services to other commercial firms through the use of service employees who perform duties such as: clerical, keypunching, janitorial, laundry or dry cleaning, security, building or plant maintenance, parking attendants, equipment operations, landscaping and grounds maintenance. Commercial support service also includes temporary help firms which provide employees to any business or enterprise covered by this wage order. Any employee, including office personnel, engaged in the performance of work connected with or incidental to such business or enterprise, is covered by the provisions of this wage order.

7 Colo. Code Regs. § 1103-1(2)(B). This District has noted a common theme in each of the types of employment encompassed by the Commercial Support Service industry inasmuch as "[a]ll perform relatively low-skilled sorts of work that companies often 'farm out' to vendors." *Cartier v. Western Elec. Coordinating Council*, 2015 WL 3581346, at *5 (D. Colo. June 9, 2015) (Martinez, J.). Simmons has raised no allegations suggesting Boys & Girls Club provides any services to other commercial firms, whether by "farming out" or otherwise, and, thus, no basis for her claim exists under this provision of the Colorado Minimum Wage Order.

Finally, Plaintiff similarly cannot contend Boys & Girls Club falls within the Food and Beverage or Health and Medical industries. The Food and Beverage industry is defined, in relevant part, as, "any business or enterprise that prepares and offers for sale, food or beverages

for consumption either on or off the premises." 7 Colo. Code Regs. § 1103-1(2)(C); *see Menocal v. GEO Group, Inc.*, 113 F. Supp. 3d 1125, 1131 (D. Colo. 2015) (Kane, J.) (holding to fall within the Food and Beverage industry, the employer must sell food to the consuming public). The Health and Medical industry is defined, in relevant part, as, "any business or enterprise engaged in providing medical, dental, surgical or other health services." 7 Colo. Code Regs. § 1103-1(2)(D); *see Menocal*, 113 F. Supp. 3d at 1130 (holding to fall within the Health and Medical industry, the employer must offer its health and medical services to the general public). Simmons has not asserted any allegations to suggest Boys & Girls Club falls into either category.

Simmons is simply not entitled to any relief under her second claim for relief, and this Court should dismiss her claim with prejudice because Boys & Girls Club falls outside any of the industries covered by the Colorado Minimum Wage Order,.

**B.   Simmons Cannot Assert Retaliation under the False Claims Act against an Individual.**

Simmons' retaliation claim under the False Claims Act against Sullivan fails because such a claim can only be asserted against an employer and not an individual. The False Claims Act's anti-retaliation provision, codified under 31 U.S.C. § 3730(h), provides that "any employee, contractor, or agent" who "is discharged, demoted, suspended, harassed, or in any other manner discriminated against . . . because of lawful acts done by the employee in furtherance of an action under this section or other efforts to stop one or more violations of" the False Claims Act may bring suit. *Randazzo v. CH2M Hill, Inc.*, 2014 WL 4697131, at *3 (D. Colo. Sept. 22, 2014) (Krieger, C.J.). Although the Tenth Circuit has not ruled on whether the current version of 31 U.S.C. § 3730(h) gives rise to a claim against an individual, courts

considering the text and legislative history of 31 U.S.C. § 3730(h) have nearly universally held that an individual cannot be liable under that statutory section. *See, e.g.*, *Howell v. Town of Ball*, 827 F.3d 515, 529-30 (5th Cir. 2016) (affirming district court's holding that individuals may not be liable under 31 U.S.C. § 3730(h))[2]; *United States v. Monaco Enter's, Inc.*, 2016 WL 3647872, at *10 (E.D. Wash. July 1, 2016) (holding § 3730(h) does not provide a cause of action against individual defendants); *Brach*, 2016 WL 7030435, at *4 (collecting cases); *see also Randazzo*, 2014 WL 4697131, at *10 (citing *Lipka*, 2013 WL 5304013, at *12, and observing a claim under 31 U.S.C. § 3730(h) cannot be asserted against an individual)

The current version of 31 U.S.C. § 3730(h) was amended in 2009, but these amendments did not create a cause of action against individuals. Under the pre-2009 amendment, 31 U.S.C. § 3730(h) stated, in relevant part:

> Any employee who is discharged, demoted, suspended, threatened, harassed, or in any other manner discriminated against in the terms or conditions of employment by his employer because of any lawful acts done by the employee on behalf of the employer or others in furtherance of an action under this section . . . shall be entitled to all relief necessary to make the employer whole.

31 U.S.C. § 3730(h) (2003). Significantly, courts interpreting the pre-2009 version have unanimously ruled that 31 U.S.C. § 3730(h) precludes individual liability because only "employers" may be liable under the statute. *Brach*, 2016 WL 7030435, at *3 (*citing United States ex rel. Siewick v. Jamieson Sci. & Eng'g, Inc.*, 322 F.3d 738, 740 (D.C. Cir. 2003); *United States ex rel. Golden v. Ark. Game & Fish Comm'n*, 333 F.3d 867, 870-71 (8th Cir. 2003); *United States ex rel. Sarafoglou v. Weill Med. Coll. of Cornell Univ.*, 451 F. Supp. 2d 613, 625

---

[2] As observed by *Brach v. Conflict Kinetics Corp.*, 2016 WL 7030435, at *4, n. 8 (E.D. Va. Dec. 1, 2016), the Fifth Circuit is the only United States Court of Appeals that has considered whether an individual may be liable under the current version of 31 U.S.C. § 3730(h).

(S.D.N.Y. 2006); *Pollok v. Bd. of Trustees of Univ. of Ill.*, 2004 WL 1470028, at *3 (N.D. Ill. June 30, 2004)).

The 2009 Amendment to 31 U.S.C. § 3730(h) omitted the term "employer," but the amendment did not create a cause of action against individuals. In fact, every court considering the legislative history of the 2009 amendment to 31 U.S.C. § 3730(h) has concluded that a plaintiff may not maintain a claim against an individual. *See Lipka v. Advantage Health Grp., Inc.*, 2013 WL 5304013, at *10 (D. Kan. Sept. 20, 2013) (observing that only three post-2009 cases have imposed individual liability – *United States ex rel. Moore v. Cmty. Servs., Inc.*, 2012 WL 1069475 (D. Conn. Mar. 29, 2012); *Weihua Huang v. Rector & Visitors of Univ. of Virginia*, 896 F. Supp. 2d 524 (W.D. Va. 2012); *Laborde v. Rivera-Dueno*, 719 F. Supp. 2d 198 (D.P.R. 2010) – and none of these cases considered the legislative history underlying the 2009 Amendment). As observed by *Scott v. Bonnes*, 135 F. Supp. 3d 906, 920 (S.D. Iowa 2015), the purpose of the 2009 Amendment was to ensure independent contractors could bring claims under 31 U.S.C. § 3730(h) and did not create a cause of action against an individual defendant. The legislative history behind the 2009 Amendment provides critical insight in assessing the changes intended by Congress:

> The 1986 Amendments included Section 3730(h) which provides a cause of action for individuals who faced retaliation in response to bringing forth FCA claims of fraud against the Government. Congress included this provision in the 1986 Amendments because, as the Committee noted, it recognized "that few individuals will expose fraud if they fear their disclosures will lead to harassment, demotion, loss of employment, or any other form of retaliation." While this provision was designed to protect employees from employer retaliation, over the past 20 years courts have limited this protection through various decisions narrowly interpreting the definition of "employee" and thus leaving contractors and subcontractors open to retaliation.

> For example, the Third and Fourth Circuits have held that an independent contractor is not protected under section 3730(h). To correct this loophole, section 5 clarifies section 3730(h) by simply including the terms "government contractor, or agent" in addition to the term "employee." The Committee believes that it is necessary to include these additional terms to assist individuals who are not technically employees within the typical employer-employee relationship, but nonetheless have a contractual or agent relationship with an employer. The Committee believes this is a vitally important clarification that respects the spirit and intent of the 1986 Amendments while offering whistleblower protections to contractors and agents who may come across fraud against the Government and report it under the FCA.

*Scott*, 135 F. Supp. 3d at 920 quoting S. Rep. 110-507, 26-27. In considering the legislative history of the 2009 Amendment, the Court in *Scott* adopted the reasoning of those courts that have addressed the issue and found "Congress' intention in amending § 3730(h) was to expand the number of plaintiffs, such as independent contractors and agents, who can bring an action under the FCA, but not to expand the number of defendants who can be held liable." *Scott*, 135 F. Supp. 3d at 920-21 citing *Wichansky v. Zowine*, 2014 WL 289924, at *4 (D. Ariz. Jan. 24, 2014); *Lipka*, 2013 WL 5304013, at *10-12; *Russo v. Broncor, Inc.*, 2013 WL 7158040, at *6 (S.D. Ill. July 24, 2013); *Aryai v. Forfeiture Support Assocs., LLC*, 25 F. Supp. 3d 376, 386 (S.D.N.Y. 2012); *Elkharwily v. Mayo Holding Co.*, 955 F. Supp. 2d 988, 995 (D. Minn. 2013); *Howell v. Town of Ball*, 2012 WL 3962387, at *3 (W.D. La. Sept. 4, 2012).

Because Simmons cannot assert a claim under 31 U.S.C. § 3730(h) against an individual, her fifth claim for relief against Sullivan fails as a matter of law and this Court should dismiss that claim with prejudice.

## IV. <u>CONCLUSION</u>

Based on the foregoing, Boys & Girls Club of the Pikes Peak Region and James Sullivan III respectfully request that this Honorable Court grant their Motion for Judgment on the

Pleadings on Plaintiff's second claim for relief under the Colorado Minimum Wage Order against Boys & Girls Club and fifth claim for relief for retaliation under the False Claims Act against Sullivan and enter an Order dismissing each of these claims with prejudice.

Respectfully submitted this 16th day of January, 2017.

>OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
>
>*s/ Austin E. Smith*
>Austin E. Smith
>Raul Chacon, Jr.
>1700 Lincoln Street, Suite 4650
>Denver, CO  80203
>Telephone:  303.764.6800
>Facsimile:  303.831.9246
>austin.smith@ogletreedeakins.com
>raul.chacon@ogletreedeakins.com
>
>*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of January, 2017, I electronically filed the foregoing **DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS ON PLAINTIFF'S SECOND CLAIM FOR RELIEF UNDER THE COLORADO MINIMUM WAGE ORDER AGAINST BOYS & GIRLS CLUB AND PLAINTIFF'S FIFTH CLAIM FOR RELIEF FOR FALSE CLAIMS ACT RETALIATION AGAINST JAMES SULLIVAN** with the Clerk of Court using the CM/ECF system and served a copy via email on the following counsel of record:

>Paul F. Lewis, Esq.
>plewis@lewiskuhnswan.com
>
>Michael D. Kuhn, Esq.
>mkuhn@lewiskuhnswan.com
>
>Andrew E. Swan, Esq.
>aswan@lewiskuhnswan.com

>*s/ Linda R. Kerman*
>Linda R. Kerman, Paralegal