IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No. 16-cv-01461-RBJ

ELIZABETH SIMMONS, an individual,

    Plaintiff,

v.

BOYS & GIRLS CLUB OF THE PIKES PEAK REGION, a Colorado corporation, and
JAMES M. SULLIVAN III, an individual,

    Defendants.

## ORDER

    In August 2014 the Boys & Girls Club of the Pikes Peak Region ("Boys & Girls Club") hired Elizabeth Simmons as a Teen Coordinator. The position was originally classified as exempt from the Fair Labor Standards Act's ("FLSA") overtime requirements, so Ms. Simmons did not receive overtime pay. However, Boys & Girls Club later reclassified the position as non-exempt and paid Ms. Simmons $947.76, which it believes more than compensated for her prior overtime hours.

    Several months later Ms. Simmons became the Branch Director of the E.A. Tutt Club, one of Boys & Girls Club's locations. Although Ms. Simmons now thinks she should have earned overtime pay, this role was also classified as exempt from the FLSA's requirements. Ms. Simmons further alleges that while she was Branch Director, Boys & Girls Club and its CEO,

James M. Sullivan III, pressured her into submitting fraudulent documentation to the federal government. She claims that she refused to do so and was fired in retaliation.

Ms. Simmons filed this lawsuit against Boys & Girls Club and Mr. Sullivan, alleging violations of the FLSA and the Colorado Minimum Wage Order, extreme and outrageous conduct, and wrongful discharge in violation of public policy and the False Claims Act. Am. Compl., ECF No. 5. Defendants have moved for judgment on the pleadings on two of these claims, ECF No. 18.

## STANDARD OF REVIEW

A motion for judgment on the pleadings is reviewed under the standard applicable to a Rule 12(b)(6) motion to dismiss. *Martin Marietta Materials, Inc. v. Kansas Dep't of Transp.*, 810 F.3d 1161, 1171 (10th Cir. 2016). Therefore, in ruling on a motion for judgment on the pleadings, courts consider whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). While the Court must accept the well-pleaded allegations of the complaint as true and construe them in the light most favorable to the plaintiff, *Robbins v. Wilkie*, 300 F.3d 1208, 1210 (10th Cir. 2002), purely conclusory allegations are not entitled to be presumed true, *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009). However, so long as the plaintiff offers sufficient factual allegations such that the right to relief is raised above the speculative level, he has met the threshold pleading standard. *See Twombly*, 550 U.S. at 556.

## ANALYSIS

Defendants move for judgment on the pleadings on plaintiff's Colorado Minimum Wage Order claim against Boys & Girls Club and plaintiff's False Claims Act ("FCA") retaliation claim against Mr. Sullivan.  The motion is granted.

The Colorado Minimum Wage Order regulates wages for Colorado employers in the following industries: "Retail and Service," "Food and Beverage," "Commercial Support Service," and "Health and Medical."  7 Colo. Code Regs. § 1103-1:1.  As defendants point out, however, plaintiff's complaint does not allege that Boys & Girls Club falls into any of these four covered industries.  *See* ECF No. 5.  On the contrary, plaintiff asserts that Boys & Girls Club "receives significant financing from governmental grants," *id.* at ¶ 21, seemingly at odds with, for example, the requirement that it "generate[] 50% or more of its annual dollar volume of business from" the sales of goods or services to be considered part of the Retail and Service industry, 7 Colo. Code Regs. § 1103-1:2(A).

Plaintiff's response brief includes a conclusory allegation that "Boys & Girls Club's status within the Retail and Service industry" might support a claim under the Colorado Minimum Wage Order, yet she nevertheless "agrees to dismiss [the] claim without prejudice." ECF No. 19 at 1 n.1.  But dismissal without prejudice would be inappropriate here.  Mere "labels and conclusions" cannot support a claim to relief, and plaintiff failed to cure this deficiency in her first amended complaint or even identify in her brief any factual allegations that might support this claim.  *Twombly*, 550 U.S. at 555.  Plaintiff's second claim for relief is therefore dismissed with prejudice.  *See Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006).

Next, defendants argue that the FCA's anti-retaliation provision creates a cause of action only against employers, not individual defendants. After being amended in 2009 the Act states:

> Any employee, contractor, or agent shall be entitled to all relief necessary to make that employee, contractor, or agent whole, if that employee, contractor, or agent is discharged, demoted, suspended, threatened, harassed, or in any other manner discriminated against in the terms and conditions of employment because of lawful acts done by the employee, contractor, agent or associated others in furtherance of an action under this section or other efforts to stop 1 or more violations of this subchapter.

31 U.S.C. § 3730(h). "Before the passage of the 2009 amendments, federal courts uniformly held that the FCA created a cause of action against only a plaintiff's employer." *Howell v. Town of Ball*, 827 F.3d 515, 530 (5th Cir. 2016). But plaintiff contends that the amendments' omission of the phrase "by his or her employer" limiting the list of retaliatory actions expands the scope of defendants that may be held liable.

This argument has been rejected so many times in recent years that it warrants little discussion here. "[T]he overwhelming majority of courts, including the Fifth Circuit, have held that the current version of § 3730(h) does not create a cause of action against supervisors sued in their individual capacities." *Brach v. Conflict Kinetics Corp.*, 221 F. Supp. 3d 743, 748 (E.D. Va. 2016); *accord Roberto v. Kent State Univ.*, No. 5:16CV1305, 2017 WL 1155563, at *2 (N.D. Ohio Mar. 28, 2017) (collecting twenty-five cases). As the Fifth Circuit noted, "[V]iewing the changes to § 3730(h) as a whole, it is clear that the reference to an 'employer' was deleted to account for the broadening of the class of FCA plaintiffs to include 'contractors' and 'agents,' not to provide liability for individual, non-employer defendants." *Howell*, 827 F.3d at 529–30. Indeed, the text of the statute "failed to substitute 'person' for 'employer'" as one would expect if Congress intended to cover individual defendants, and its legislative history is "silent on the

4

issue of the class of potential defendants." *Aryai v. Forfeiture Support Assocs.*, 25 F. Supp. 3d 376, 387 (S.D.N.Y. 2012). Moreover, the 2009 amendment did not change the mandatory remedies available, yet "'remedies such as reinstatement' are remedies '[that] a mere supervisor could not possibly grant in his individual capacity.'" *Id.* (quoting *Yesudian ex rel. United States v. Howard Univ.*, 270 F.3d 969, 972 (D.C. Cir. 2001)).

I am not persuaded by plaintiff's arguments to the contrary. Plaintiff cites several stray bits from the FCA's legislative history, but none of these statements reveals any intent to expand the class of potential defendants. For example, plaintiff writes that the House Report says the amendments were intended to "broaden protections for whistleblowers by expanding the False Claims Act's anti-retaliation provision to cover . . . *people* related to or associated with relators." H.R. Rep. No. 111-97, at 14 (2009) (emphasis added). But plaintiff wrests this language out of context. The House Report actually says Congress intended to "broaden protections for whistleblowers by expanding the False Claims Act's anti-retaliation provision to cover any retaliation *against* . . . people related to or associated with relators," not retaliation *by* such people. *Id.* (emphasis added). As another court has observed, "The Report contains no similar statement of intent to expand the scope of liability to include individuals." *Aryai*, 25 F. Supp. 3d at 386. Plaintiff also inaccurately describes the amendments as emphasizing that covered plaintiffs are entitled to "all relief necessary" to make them whole when this language is unchanged from the pre-2009 version that courts "uniformly held . . . created a cause of action against only a plaintiff's employer." *Howell*, 827 F.3d at 530. It is unsurprising that only four

courts have declined to dismiss such FCA retaliation claims in the past eight years—and all but one did so without reaching the merits of this issue.[1]

As a final Hail Mary, plaintiff drops a footnote arguing that her complaint alleges Mr. Sullivan is also her employer under the FCA. It does not. *See* ECF No. 5 at ¶¶ 34, 43, 51, 64 (claiming "Mr. Sullivan was an employer within the meaning of the FLSA" and "Mr. Sullivan was in a position of actual or apparent authority over Ms. Simmons"). And even if the complaint had alleged that both Boys & Girls Club and its CEO were Ms. Simmons' employers under the FCA, this claim would fail as a matter of law. *See U.S. ex rel. Siewick v. Jamieson Sci. & Eng'g, Inc.*, 322 F.3d 738, 740 (D.C. Cir. 2003).

For all of these reasons, plaintiff's FCA retaliation claim against Mr. Sullivan is dismissed with prejudice.

---

[1] *Compare Fitzsimmons v. Cardiology Assocs. of Fredericksburg, Ltd.*, No. 3:15CV72, 2015 WL 4937461, at *8 (E.D. Va. Aug. 18, 2015) ("[I]n the absence of a specific statutory analysis offered by either side, this Court finds that summary judgment will provide the most appropriate stage to evaluate this argument."), *and Weihua Huang v. Rector & Visitors of Univ. of Virginia*, 896 F. Supp. 2d 524, 548 (W.D. Va. 2012) ("Because Defendants do not assert in their motion that Dr. Huang's FCA claims against them are legally impermissible, I will not dismiss those claims out of hand."), *and Laborde v. Rivera-Dueno*, 719 F. Supp. 2d 198, 205 (D.P.R. 2010) ("In the absence of specific First Circuit guidance holding that individual liability does not exist in FCA retaliation claims, and in light of the fact that the persuasive authority on the issue relies upon an outdated version of the statute, the Court DENIES Defendant's motion to dismiss . . . ."), *with U.S. ex rel. Moore v. Cmty. Health Servs., Inc.*, No. 3:09CV1127 JBA, 2012 WL 1069474, at *9 (D. Conn. Mar. 29, 2012) (denying the motion to dismiss individual defendants simply because the FCA's amendments omit the word "employers," without considering the statutory context or its legislative history).

## ORDER

Defendants' Motion for Judgment on the Pleadings [ECF No. 18] is GRANTED.

DATED this 29th day of September, 2017.

BY THE COURT:

_____

R. Brooke Jackson
United States District Judge